# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| LINDSAY DAVIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 7:17-cv-01533-LSC |
| J. MICHAEL WHITE, *et al.*, | ) ) | |
| Defendants | ) ) ) | |

| | | |
|---|---|---|
| NICOLE SLONE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | 7:17-cv-01534-LSC |
| v. | ) ) | |
| J. MICHAEL WHITE, *et al.*, | ) ) | |
| Defendants | ) | |

| | | |
|---|---|---|
| MONICA  LAWRENCE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 7:17-cv-01535-LSC |
| J. MICHAEL WHITE, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

# MEMORANDUM OF OPINION AND ORDER

Before the Court are Motions to Stay Proceedings Pending Arbitration. (Doc. 90 in No. 7:17-cv-1533-LSC, Doc. 113 in No. 7:17-cv-1534-LSC, and Doc. 115 in No. 7:17-cv-1535-LSC). For the following reasons, the motions are due to be denied.

## I. BACKGROUND

### a. FACTS

Plaintiffs filed three separate actions against J. Michael White, Eco-Preservation Services L.L.C, Serma Holdings LLC, Aketa Management Group, Knobloch Inc. (collectively "Serma Defendants") as well as others ("other defendants"), alleging a number of federal and state law claims related to the provision of sewer services to Plaintiffs' respective homes in McCalla, Alabama. Purchase agreements entered into by each Plaintiff purportedly contained arbitration provisions. The issues addressed in this opinion arise from Serma Defendants' attempts to enforce arbitration.

### b. PROCEDURAL HISTORY

Plaintiffs filed their actions on September 11, 2017, and Serma Defendants filed motions to dismiss in all of Plaintiffs' actions on October 31, 2017. (Doc. 14 in No. 7:17-cv-01533-LSC, Doc. 18 in No. 7:17-cv-01534-LSC, and Doc. 18 in No. 7:17-cv-01535-LSC.) Serma Defendants then filed motions to stay based on their

perception that the motions to dismiss "will resolve [the cases] and obviate the Defendants' need to comply with [the] deadlines." (Doc. 17 in No. 17-cv-01533-LSC, Doc. 29 in No. 17-cv-01534-LSC, and Doc. 24 in No. 17-cv-01535-LSC). Although Plaintiffs briefed the Serma Defendants' motions to dismiss in December 2017 (doc. 26 in No. 7:17-cv-01533-LSC, doc. 40 in No. 7:17-cv-01534-LSC, and doc. 35 in No. 7:17-cv-01535-LSC), they filed amended complaints in each action in April 2018 (doc. 33 in No. 7:17-cv-01533-LSC, doc. 48 in No. 7:17-cv-01534-LSC, and doc. 44 in No. 7:17-cv-01535-LSC).

The Court interpreted Plaintiffs' filings as implied motions to amend their complaints and ordered all Defendants to show cause as to why Plaintiffs should not be allowed to amend their complaints. (Doc. 35 in No. 7:17-cv-01533-LSC, Doc. 50 in No. 7:17-cv-01534-LSC, and Doc. 46 in No. 7:17-cv-01535-LSC.) Serma Defendants responded to the Court's show cause orders, arguing that Plaintiffs' amendments were futile and that Plaintiffs' claims were still due to be dismissed. (Doc. 36 in No. 7:17-cv-01533-LSC, Doc. 51 in No. 7:17-cv-01534-LSC, and Doc. 48 in No. 7:17-cv-01535-LSC.) In September 2018, the Court ruled on Plaintiffs' implied motions to amend and terminated Serma Defendants' original motions to dismiss as moot in light of the amended complaints. (Doc. 50 in No. 7:17-cv-01533-LSC, Doc. 68 in No. 7:17-cv-01534-LSC, and Doc. 66 in No. 7:17-cv-01535-LSC.)

Defendants were ordered to answer the complaints within ten days of the Court's order. (*Id.*)

Serma Defendants did not answer. Instead, they filed a notice of appeal of the Court's Order terminating their prior motion to dismiss as moot in each action. (Doc. 52 in No. 7:17-cv-01533-LSC, Doc. 71 in No. 7:17-cv-01534-LSC, and Doc. 69 in No. 7:17-cv-01535-LSC.) Serma Defendants then filed motions to stay with the Eleventh Circuit to prevent any further discovery between the parties in the cases. Plaintiffs responded to the motions to stay in the Eleventh Circuit. The Eleventh Circuit dismissed the Serma Defendants' appeals for lack of subject matter jurisdiction on November 27, 2018. (Doc. 63 in No. 7:17-cv-01533-LSC, Doc. 84 in No. 7:17-cv-01534-LSC, and Doc. 84 in No. 7:17-cv-01535-LSC.) The parties then filed a joint motion to extend the time for discovery in this Court. (Doc. 64 in No. 7:17-cv-01533-LSC, Doc. 85 in No. 7:17-cv-01534-LSC, and Doc. 85 in No. 7:17-cv-01535-LSC.) On December 17, 2018, the Court held a telephone conference regarding the requested extension of the discovery period. On December 18, 2018, Serma Defendants filed a motion to reconsider in each action that had been pending in the Eleventh Circuit, asking the Eleventh Circuit to reconsider hearing the appeals. Plaintiffs responded to Serma Defendants' motions in the Eleventh Circuit, and Serma Defendants filed reply briefs to Plaintiffs' responses.

On March 1, 2019, Plaintiffs sought entries of default as to Serma Defendants in this Court because they had not yet answered or responded to Plaintiffs' amended complaints. (Docs. 67 & 68 in No. 7:17-cv-01533-LSC, Docs. 90 & 91 in No. 7:17-cv-01534-LSC, and Docs. 92 & 93 in No. 7:17-cv-01535-LSC.) On March 6, 2019, the Eleventh Circuit denied Serma Defendants' motions to reconsider. (Doc. 68 in No. 7:17-cv-01533-LSC, Doc. 92 in No. 7:17-cv-01534-LSC, and Doc. 94 in No. 7:17-cv-01535-LSC.) On March 7, 2019, this Court ordered the Serma Defendants to show cause as to why Plaintiffs' motions for default against them should not be granted. (*Id.*) That same day Serma Defendants' counsel emailed Plaintiffs' counsel and indicated that he was invoking an alleged arbitration agreement between the parties. Thirteen days later, Serma Defendants filed motions to compel arbitration and stay proceedings pending arbitration in each action. (Doc. 72 in No. 7:17-cv-01533-LSC, Doc. 95 in No. 7:17-cv-01534-LSC, and Doc. 97 in No. 7:17-cv-01535-LSC.) Prior to the Court's ruling on these motions, Serma Defendants answered Plaintiffs' amended complaints in each action (doc. 75 in No. 7:17-cv-01533-LSC, doc. 98 in No. 7:17-cv-01534-LSC, and doc. 100 in No. 7:17-cv-01535-LSC), filed counterclaims against Plaintiffs in each action (*id.*), and moved for leave to amend their counterclaims in response to Plaintiffs' motions to dismiss their counterclaims

in each action (doc. 78 in No. 7:17-cv-01533-LSC, doc. 101 in No. 7:17-cv-01534-LSC, and doc. 103 in No. 7:17-cv-01535-LSC).

This Court denied Serma Defendants' motions to compel arbitration and stay the proceedings, reasoning that Serma Defendants' repeated failure to invoke arbitration constituted waiver. (Doc. 80 in No. 7:17-cv-01533-LSC, Doc. 103 in No. 7:17-cv-01534-LSC, and Doc. 105 in No. 7:17-cv-01535-LSC.) Serma Defendants thereafter filed a notice of appeal of those orders but did not immediately file a motion to stay these proceedings pending that appeal. (Doc. 83 in No. 7:17-cv-01533-LSC, Doc. 106 in No. 7:17-cv-01534-LSC, and Doc. 108 No. 7:17-cv-01535-LSC.) Uncertain of whether litigation should proceed during the appeal, Plaintiffs moved for this Court to hold a status conference. (Doc. 88 in No. 7:17-cv-01533-LSC, Doc. 111 in No. 7:17-cv-01534-LSC, and Doc. 113 in No. 7:17-cv-01535-LSC.) Instead, this Court ordered Defendants to show cause as to why this Court should stay proceedings pending the appeal from its denial of Serma Defendants' motions to compel arbitration. (Doc. 89 in No. 7:17-cv-01533-LSC, Doc. 112 in No. 7:17-cv-01534-LSC, and Doc. 114 in No. 7:17-cv-01535-LSC.) In response, Serma Defendants filed the instant motions.

## II.    STANDARD OF REVIEW

In ruling on a motion to stay proceedings pending appeal from the denial of a motion to compel arbitration, a district court must grant the stay unless it finds the appeal to be frivolous. *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("[P]roceedings in the district court . . . should be stayed pending resolution of a non-frivolous appeal from the denial of a motion to compel arbitration.")

The only relevant question in deciding these motions to stay is whether the appeal is frivolous. The Eleventh Circuit, in *Blinco*, did not provide a definition of when an appeal is "frivolous" in this context. However, the Seventh Circuit case of *Apostol v. Gallion*, concerning an appeal from the denial of a motion to dismiss based on qualified immunity, provides a few illustrative examples of frivolous or improper appeals. 870 F.2d 1335, 1339 (7th Cir. 1989).

The *Apostol* court stated that an appeal is frivolous if "the disposition is so plainly correct that nothing can be said on the other side." *Id.* Several district courts within the Eleventh Circuit have looked to *Apostol* for aid in determining when an appeal is frivolous. *See, e.g.*, *Summit Med. Assocs. v. James*, 998 F. Supp. 1339, 1342 (M.D. Ala. Mar. 19, 1998) (considering appeal from denial of motion to dismiss based on qualified immunity). Indeed, this Court has cited *Apostol* when determining

whether an appeal from the denial of a motion to compel arbitration was frivolous. *Ferrari v. D.R. Horton, Inc.*, No. 2:14-cv-01941-LSC, 2015 WL 12990486, at *1 (N.D. Ala. Mar. 26, 2015). While the denial of a motion to compel is by no means the same thing as the denial of a motion to dismiss based on qualified immunity, the Eleventh Circuit analogized the two concepts (and cited *Apostol* with approval while doing so) in determining that it was proper to stay a case based upon the non-frivolous appeal of the denial of a motion to compel arbitration. *Blinco*, 366 F.3d at 1252–53.

## III.   DISCUSSION

In briefing their Motions to Compel Arbitration, Serma Defendants raised two primary arguments concerning waiver. First, they argued that any question of waiver was reserved for an arbitrator rather than a court. Second, they argued that their dilatory behavior did not amount to a waiver. In light of the Eleventh Circuit's precedents, both arguments are frivolous, and any appeal based on said arguments is likewise frivolous.

### a. THE COURT'S AUTHORITY TO DECIDE THE QUESTION OF WAIVER

In the Eleventh Circuit, "it is presumptively for the courts to adjudicate disputes about whether a party, by earlier litigating in court, has waived the right to arbitrate." *Grigsby & Associates, Inc. v. M Securities Investment*, 664 F.3d 1350, 1353 (11th Cir. 2011). Nonetheless, Serma Defendants challenge the Eleventh Circuit's

precedent based on a few stray remarks by the Supreme Court in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002).

In *Howsam*, the Supreme Court reiterated that procedural questions growing out of the dispute and bearing on its final disposition "are presumptively *not* for the judge, but for an arbitrator, to decide." 537 U.S. at 85 (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). Further, the Supreme Court reiterated "the presumption that the arbitrator should decide '*allegation[s] of waiver*, delay, or a like defense to arbitrability.'" *Id.* (quoting *Moses H. Cone Memorial Hospital*, 460 U.S. 1, 25 (1983)) (emphasis added). The Supreme Court has never elaborated on what sort of "waiver" is presumptively for the arbitrator to decide, however. Instead, the Court generally emphasized that legal questions should be decided by decisionmakers with more comparative expertise. *Id.*

Since *Howsam*, the Eleventh Circuit has concluded that the Supreme Court's use of "waiver" referred "not to conduct-based waiver, but to a 'defense[] arising from non-compliance with contractual conditions precedent to arbitration.'" *Grigsby*, 664 F.3d at 1353 (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 219 (3d Cir. 2007)). Conduct-based waiver, on the other hand, is presumptively a question for a court. *Id.* Because *Howsam* "involved no allegations of waiver," the Eleventh Circuit did not understand it to be inconsistent with the Eleventh Circuit's

prior approach of adjudicating conduct-based waiver claims. *Id.* at 1354. Indeed, the

Eleventh Circuit's presumption is consistent with *Howsam*'s division of authority in

that it "leaves the waiver issue to the decisionmaker with greater expertise in

recognizing and controlling abusive forum-shopping." *Id.*

       Moreover, the Eleventh Circuit is far from alone in recognizing that conduct-

based waiver is presumptively a question for the courts. In *Grigsby*, the Eleventh

Circuit relied upon the reasoning of several other courts of appeal. *See id.* at 1353

(citing *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393–94 (6th Cir. 2008);

*Ehleiter*, 482 F.3d at 217–19; *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 12–14

(1st Cir. 2005)). Since *Grigsby* was decided, another court of appeal has observed

that "[e]very circuit that has addressed this issue . . . has reached the same

conclusion." *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016) (agreeing with

the consensus). Indeed, the only court of appeal which has applied *Howsam* to

require an arbitrator to decide the question of conduct-based waiver provided no

analysis beyond citing the plain text of *Howsam. See Nat'l Am. Ins. Co. v.*

*Transamerica Occidental Life Ins. Co.*, 328 F.3d 462, 466 (8th Cir. 2003) (holding that

waiver argument based on prior litigation pursued in *state* courts was a question for

an arbitrator, not the court). Thus, Serma Defendants' argument not only is contrary

to the precedent of the Eleventh Circuit, but also the precedents of almost every court of appeal that has addressed this issue.

Therefore, in the face of overwhelming precedent in this Circuit and beyond, the Court concludes that Serma Defendants' reliance on *Howsam* to dispute the Court's authority is frivolous.

### b. WHETHER SERMA DEFENDANTS' BEHAVIOR AMOUNTED TO WAIVER

The Court now turns to the substantive issue of whether Serma Defendants did waive their right to compel arbitration. In deciding whether waiver occurred, the Court is mindful that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hospital*, 460 U.S. at 24. Due to this preference for arbitration, a party opposing arbitration bears a "heavy burden" in showing waiver. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011) (quoting *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (per curiam)).

"Nevertheless, the doctrine of waiver is not an empty shell." *Morewitz v. West of England Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). "A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right

and, in so acting, has in some way prejudiced the other party." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990).

### 1. DEFENDANTS INVOKED THE LITIGATION MACHINERY IN A MANNER INCONSISTENT WITH AN INTENT TO ARBITRATE.

The Court will first look at whether Serma Defendants have colorable arguments that they did not "substantially participate[] in litigation to a point inconsistent with an intent to arbitrate." *Morewitz*, 62 F.3d at 1366. In moving to compel arbitration, Serma Defendants devoted much time to arguing that they had not taken actions to invoke the litigation machinery sufficient to constitute waiver. However, before turning to the things that Serma Defendants *did* do, it is more important to address what they *did not* do.

The most glaring point against Serma Defendants is the length of time that passed from the initiation of this case to the time that Serma Defendants announced their intent to arbitrate. Serma Defendants did not move to compel arbitration until March 20, 2019, over 520 days into the litigation. In support of the motions to compel arbitration, they argued that the delay in their moving to compel arbitration was not so great as to constitute a waiver. They pointed to numerous (non-binding) cases where courts ordered arbitration despite great delays in seeking it. *See, e.g., Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (over 3-year delay before filing motion to compel arbitration did not constitute waiver).

However, Serma Defendants' focus on the delay in their *motions* ignores the purpose of the waiver doctrine.

The waiver doctrine exists to prevent parties from abusing the judicial process and thereby defeating the primary purpose of arbitration: "saving the parties' time and money." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018) (citing *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344–45 (2011) ("The point of affording parties discretion in designing arbitration processes is to allow for efficient streamlined procedures tailored to the type of dispute.")). "The judicial system was not designed to accommodate a defendant who elects to forgo arbitration when it believes that the outcome in litigation will be favorable to it . . . and then suddenly changes course and pursues arbitration when its prospects of victory in litigation dim." *Id.*

A "key ingredient in the waiver analysis is *fair notice* to the opposing party and the District Court of a party's arbitration rights and *its intent to exercise them*." *Id.* at 1236 (emphasis added). With fair notice of a party's intent to arbitrate, both the opposing party and the district court "can manage the litigation with this contingency in mind." *Id.* Therefore, "fair notice at a relatively early stage of litigation is a *primary factor* in considering whether a party has acted consistently with its arbitration rights." *Id.* at 1237 (emphasis added).

Suffice it to say that Serma Defendants failed to give fair notice of their intent to arbitrate at a relatively early stage of litigation.[1] As a result, neither Plaintiffs nor this Court had notice of any reason to place limits on discovery until over 500 days into the litigation.

During the more than 500 days before Serma Defendants gave notice of their intent to arbitrate, they did not sit idle. They filed motions to dismiss with briefs apparently convinced that they would succeed at an argument that Plaintiffs could not recover based upon their complaints. They also filed various responses resisting Plaintiffs' amendments to the complaints. Undeterred when this Court ruled in favor of Plaintiffs on these motions, Serma Defendants appealed the rulings to the Eleventh Circuit. (Doc. 52 in No. 17-cv-1533-LSC, Doc. 71 in No. 17-cv-1534-LSC, and Doc. 69 in No. 17-cv-1535-LSC). This resulted in Plaintiffs having to defend the rulings in the Eleventh Circuit. When the Eleventh Circuit dismissed the appeals for lack of jurisdiction, Serma Defendants filed motions to reconsider, achieving the same result. This process lasted for over 500 days, during which Serma Defendants could have but chose not to seek arbitration.

---

[1] In their motions to compel arbitration, Serma Defendants claimed that Plaintiffs at least had constructive knowledge of the arbitration clauses themselves. However, constructive notice of only the arbitration clauses simply is not enough to satisfy Serma Defendants' need to raise the specter of arbitration early in the case.

Over and over, Serma Defendants sought to dismiss these cases through the courts rather than through arbitration. It is not enough to say, as Serma Defendants argue, that their motions to dismiss involved no arbitrable issues. First, the Court is aware of no binding authority that makes such a distinction. Second, Serma Defendants arguably raised arbitrable issues by seeking to dismiss for failure to state a claim. *See In re Mirant Corp.*, 613 F.3d 584, 590 (5th Cir. 2010) (citing Defendants' motion seeking dismissal with prejudice for failure to state a claim as grounds for waiver).[2] Third, in seeking involuntary dismissal, Serma Defendants were in fact seeking a decision on the merits of the case. Fed. R. Civ. P. 41(b) ("[A] dismissal under this subdivision . . . and *any dismissal not under this rule*—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." (emphasis added)). And fourth, Serma Defendants' unyielding attempts to have the Court dismiss must also be judged in light of the fact that Serma Defendants never once indicated that they intended to arbitrate during this period.[3]

---

[2]     Serma Defendants' briefing in support of their motions to compel arbitration alternates between challenging Plaintiffs' factual allegations and making claims as to the case's merits. (*See, e.g.*, Doc. 15 in No. 7:17-cv-01533-LSC, Doc. 18 in No. 7:17-cv-01534-LSC, and Doc. 16 in No. 7:17-cv-01535-LSC) ("The instant case is similar to that in *Beran v. Lee Cty SO*, 213 Fed. App'x. 824 (11th Cir. 2007), where . . . . [t]he Court held that a private person was not acting under color of state law.")

[3]     Serma Defendants' prior motions to stay litigation in this Court did not ever mention arbitration. Instead, the motions were based on Serma Defendants' certainty that their motions

At the same time, Serma Defendants were participating in discovery in these actions. Though they did not initiate any discovery during this period, they do not dispute that they participated actively in depositions of each of the Plaintiffs by other defendants. *See Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277–78 (11th Cir. 2012) (holding that a party substantially invoked the litigation machinery when the parties engaged in discovery, which included over 15 depositions and the production of more than 900,000 documents, for over a year prior to the motion to compel arbitration). In so doing, Serma Defendants have acted to take advantage of additional benefits available in a litigation proceeding.

Serma Defendants chose to invoke the litigation machinery of not just this Court but the Eleventh Circuit, all the while failing to give even a hint of their intent to arbitrate the claims against them. Only once every effort to dismiss had failed did they finally disclose their ability and desire to compel arbitration. In effect, Serma Defendants have sought to have it both ways, attempting to dismiss the case in federal court while surreptitiously planning to keep their arbitration rights as a proverbial escape hatch. Such strategy "smacks of outcome-oriented gamesmanship

---

to dismiss would "resolve [the cases] and obviate the Defendants' need to comply with [the] deadlines." (*See* Doc. 17 in No. 17-cv-1533-LSC, Doc. 29 in No. 17-cv-1534-LSC, and Doc. 24 in No. 17-cv-1535-LSC).

played on the court and the opposing party's dime," something that the waiver doctrine seeks to prevent. *Gutierrez*, 889 F.3d at 1236.

Serma Defendants have thus litigated this case in a manner clearly inconsistent with an intent to invoke arbitration. Therefore, the Court finds that any arguments they could make to the Eleventh Circuit on this issue are frivolous.

## 2. SERMA DEFENDANTS' PARTICIPATION IN THE LITIGATION PREJUDICED THE OTHER PARTIES.

The Court now turns to the question of whether Serma Defendants' invoking of the litigation process has prejudiced Plaintiffs. In deciding this question, the Court considers factors such as the length of delay in demanding arbitration and the expense incurred by the party opposing arbitration "from participating in the litigation process." *S & H Contractors*, 906 F.2d at 1514.

The Court finds no colorable argument for why the delay in invoking arbitration should not weigh against Serma Defendants in this case. Here, they delayed over 520 days before moving this Court to compel arbitration. In *Stone v. E.F. Hutton*, the Eleventh Circuit held that a similar delay of one year and eight months rendered a motion to compel untimely. 898 F.2d at 1544.

Under the facts of this case, there is no excuse for Serma Defendants' delay. At no time during the over 500 days was there any legal barrier to their invocation of their arbitration rights. *Cf. Benoay v. Prudential-Bache Securities, Inc.*, 805 F.2d 1437,

1440 (11th Cir. 1986) (holding that no waiver occurred where a change in the law allowing defendants to compel arbitration occurred only after the action had been pending for over two years). In their motions to compel, Serma Defendants instead laid the blame for their delay at the feet of Plaintiffs and the Court itself. But neither the Plaintiffs nor the Court forced them to litigate appeals of what the Eleventh Circuit found to be non-appealable orders. Nor is anyone but themselves to blame for their failing to give any hint of their intent to arbitrate until more than 500 days had passed in this case. Thus, this delay weighs heavily towards a finding of prejudice.

Similarly, Plaintiffs have incurred unnecessary litigation costs as the result of Serma Defendants' conduct. Prejudice can result "in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 1366. Clearly, certain expenses have been the inevitable result of Serma Defendants' delay in raising the arbitration issue. The Eleventh Circuit has recognized that fair notice of a party's intent to invoke arbitration is necessary for an opposing party or the Court to manage the litigation process efficiently. *Gutierrez*, 889 F.3d at 1236–37. Given that they only chose to give notice of their intent in the eleventh hour,

Plaintiffs have misallocated litigation resources in the incorrect belief that they would remain in court for the entire case.[4]

Moreover, the Court can attribute a significant portion of Plaintiffs' litigation expenses to Serma Defendants' efforts to have Plaintiffs' claims dismissed in court. Serma Defendants have vigorously defended themselves in this Court through their motion practice, causing Plaintiffs the expense of amending their complaints and defending against Serma Defendants' motions to dismiss. Further, Serma Defendants subjected Plaintiffs to the atypical costs of opposing a frivolous appeal of a non-appealable order in the Eleventh Circuit.

Such expenses could have been avoided had Serma Defendants invoked arbitration—or even evidenced an intent to arbitrate the case—at an earlier time. As a result, the expenses incurred here by Plaintiffs also weigh heavily in favor of finding prejudice.

And while Serma Defendants were subjecting Plaintiffs to delay and expense, they were also gaining advantage over Plaintiffs through discovery. *See Garcia* 669 F.3d at 1278 (holding that waiver occurred where the defendant "benefited from

---

[4] In their Amended Responses, filed prior to this Court's denial of Serma Defendants' motions to compel, Plaintiffs specified that they collectively incurred $22,924.52 in litigation expenses due to Serma Defendants' tactics. (Doc. 76 in No. 7:17-cv-01533-LSC, Doc. 99 in No. 7:17-cv-1534-LSC, and Doc. 101 in No. 7:17-cv-01535-LSC). Serma Defendants did not file any objection to Plaintiffs' Amended Responses.

conducting discovery of the plaintiffs, a benefit to which it would not have been entitled during arbitration"). Where a motion to compel arbitration is untimely, "[t]he use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration." *Stone*, 898 F.2d at 1543.

Here, Serma Defendants have actively participated in several depositions of Plaintiffs without granting reciprocal benefits to Plaintiffs. In so doing, they have created a disparity that could threaten Plaintiffs' position. Based on this disparity, as well as the untimeliness of Serma Defendants' motions, the Court finds that the risk to Plaintiffs' legal position also weighs in favor of finding prejudice.

Serma Defendants' efforts demonstrate that they were willing to "wait and see" if they could gain a successful result in federal court before moving to compel arbitration. At best, such a strategy wastes resources better expended in arbitration. At worst, their actions have provided an unfair advantage at their opponents' expense. The Court reiterates that granting Serma Defendants' motions to compel "would only [have] 'encourage[d] litigants to delay moving to compel arbitration until they could ascertain how the case was going in federal district court,' and would [have] undermine[d] 'one of the basic purposes of arbitration: a fast, inexpensive resolution of claims.'" Garcia, 699 F.3d at 1279 (quoting *Mirant Corp.*, 613 F.3d at

590; *O.R. Sec., Inc. v. Prof'l Planning Assocs.*, 857 F.2d 742, 747 (11th Cir. 1988)).

Under the totality of the circumstances, Serma Defendants' delay, motion practice

in this Court and the Eleventh Circuit, and participation in discovery have all

prejudiced Plaintiffs. Accordingly, they have clearly waived their right to compel

arbitration, and any arguments they could make to the Eleventh Circuit as to this

issue are frivolous.

### c. SERMA DEFENDANTS' DILATORY TACTICS ARE CONSISTENT WITH FORFEITURE OF THEIR RIGHT TO AVOID LITIGATING THIS MATTER IN COURT PENDING APPEAL.

Having found Defendants' arguments against waiver to be frivolous, the

Court notes that its findings are further bolstered by the Seventh Circuit's forfeiture

analysis in *Apostol*. 870 F.2d at 1335. As stated previously, *Apostol* concerned whether

to grant a stay pending an appeal from the denial of qualified immunity.[5]

The Seventh Circuit reasoned that "[c]ourts are not helpless in the face of

manipulation" and provided illustrative examples of where a district court could

refuse to grant such a stay. *Id.* at 1339. For example, the Seventh Circuit recognized

that a district court need not grant a stay pending a frivolous appeal. *Id.* But the

Seventh Circuit continued, declaring that a district court could also deny a stay

---

[5]     As further stated above, the Eleventh Circuit has specifically analogized such an appeal with an appeal from the denial of a motion to compel arbitration. *Blinco*, 366 F.3d at 1252–53.

where the appealing party had forfeited the right not to be tried prior to the appeal. *Id.* Such forfeiture could arise where appealing parties "wait too long after the denial of summary judgment, *or if they use claims of immunity in a manipulative fashion.*" *Id.* (emphasis added). Forfeiture of a right to a stay pending appeal is thus an appropriate response to parties "who play games with the district court's schedule." *Id.*

Through their delay and opportunism, Serma Defendants have used their rights to compel arbitration in a manipulative fashion throughout this case. For over 500 days, they acted in a manner consistent with the intent to litigate the case in federal court. They participated in discovery. They made every effort to have the district court dismiss Plaintiffs' claims. And all the while, they kept their arbitration rights tucked away for a rainy day. In so doing, Serma Defendants "play[ed] games with the district court's schedule." Now, they seek to play further games, demanding a stay of the proceedings while their frivolous appeal makes its way through the Eleventh Circuit. But, due in part to their efforts, this case has already been pending for over two years. To grant their proposed stay would "injure the legitimate interests of other litigants and the judicial system." *Id.*

The Court acknowledges that the Eleventh Circuit has not formally adopted the Seventh Circuit's forfeiture analysis. *See Blinco*, 366 F.3d at 1253 (noting only frivolousness as a reason to deny a stay pending appeal from the denial of a motion

to compel arbitration). To the extent that forfeiture is inapplicable in this Circuit, the Court nonetheless notes that Serma Defendants' behavior in these proceedings is inconsistent with the right to a pretrial appeal.

## IV.   CONCLUSION

For the reasons explained above, Serma Defendants' motions to stay the proceedings pending their appeal (doc. 90 in No. 7:17-cv-01533-LSC, doc. 113 in No. 7:17-cv-01534-LSC, and doc. 115 in No. 7:17-cv-01535-LSC) are DENIED.

**DONE** and **ORDERED** on October 10, 2019.

L. Scott Coogler
United States District Judge

199455